NEW HAVEN METAL & HEATING SUPPLY CO.
*vs.*
WILLIAM E. FLANAGAN, ET AL.

Superior Court      New Haven County      File #55569

MEMORANDUM FILED DECEMBER 12, 1938.

Alexander Winnick, of New Haven, for the Plaintiff.

Franklin Coeller, of New Haven, for the Defendants.

ELLS, J.  The story unfolded in the complaint is that of a man who set out to build himself a house.  An unstable financial structure apparently rose to greater heights than the dwelling itself, for the complaint is silent as to the somewhat important issue as to whether the house was in fact erected.  As some of the payments sued for are contingent upon completing the house to the satisfaction of the owner, it is small wonder that the complaint now encounters a demurrer.

The complaint, having to do with an extremely complicated situation, is in five counts, some of which tell a story concerning

one group of defendants, some as to another group. The underlying facts are the same. The subsequent conduct of the various parties arises out of the same original transaction.

The first count is so intricate and complicated as to almost defy analysis. Apparently the plumbing subcontractor bought materials from the plaintiff, and had coming $2,431.20 from the contractor, which he assigned to the plaintiff, and the owner guaranteed its payment to the plaintiff "upon the completion of the two buildings described in such assignment to the satisfaction of the same William E. Flanagan."

Then another agreement is set up. The owner, and Gribbon as his trustee, wrote the plaintiff a letter stating that the trustee "will see, upon presentation of your bill to me, that it is paid in full, upon completion of the work." The appearance of a trustee for the owner gives rise to the suspicion that there has been financial anguish.

Out of the blue there now appears, without any explanatory words, one Ralph Devino, who executed a declaration of trust, approved by the owner, in which Devino accepts $4,036.36 from the owner to hold as trustee and pay it to interested parties in proportionate shares, as stated in a lengthy agreement.

It is then alleged that Devino has this sum in his hands and that the sum of $2,431.20 still remains due and payable to the plaintiff.

One may guess, but it is only guesswork, that this count seeks to recover from the owner and his trustee Gribbon upon the guarantee and agreement. Paragraph 10 indicates this. It is apparently against Devino as trustee, also. It may be that it is also against the original contractor. The plumbing contractor is not a defendant.

The owner demurs on the ground that there is no allegation that the buildings were completed within the term of the agreement. As pointed out above, this appears to be a vital defect, as to the owner, and the demurrer is sustained.

The third count, reiterating the story told in the first count, alleges that the owner conveyed part of his property to his wife and part to Flanagan Cleaners, Inc., and in so doing conspired with them to cheat the creditors. The owner has demurred to this because it does not allege a conspiracy by the other defendants. This demurrer obviously is not well founded.

The demurrer is to this count only, and the other defendants do not come into the picture here painted and could not be named as co-conspirators.

The owner also demurs to the entire complaint because there are several separate causes of action in favor of and against distinct and separate persons improperly joined in the same complaint. They all arise out of the same transaction. The demurrer is overruled on this ground.

Mr. Flanagan demurs to the entire complaint but directs the first ground against the third count. There is no demurrer to the second count, and if one count is good, a demurrer to the entire complaint is bad. The second ground complains of the joinder of a contract and a tort action in the same complaint. There is nothing to that. See section 5512 of the General Statutes, Revision of 1930.

Flanagan Cleaners, Inc., demurs to the entire complaint. The first ground has already been covered in the discussion of Flanagan's demurrers. The second claim is that a corporation is incapable in law of entering into a conspiracy. *State vs. Parker,* 114 Conn. 354, 158 Atl. 797, disposes of that.