[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
The defendants, The Metro Realty Group, Ltd., D S Construction Corporation, Ann Marie Gomez and Geoffrey W. Sager, have moved this court pursuant to Section 151 et seq. of the Connecticut Practice Book to strike each and every count of the plaintiffs' Complaint dated April 4, 1991. In support of this Motion, the defendants have advanced several grounds, all of which have been fully briefed and argued in a Memorandum of Law dated August 20, 1991. For the following reasons, the court concludes that the defendants' Motion must be granted as to each count of the Complaint for the reasons set forth in the third full paragraph of their Motion and explained in Part IV of their accompanying Memorandum.
Each count of this six count breach of contract action is based on the alleged existence of a valid and enforceable contract between the parties for the purchase and sale of a piece of real property in New Britain, Connecticut. To survive a motion to strike, each such count must therefore contain allegation that the plaintiffs, for their part, are entitled to seek enforcement of the contract because they faithfully performed their respective obligations thereunder. N.H. Metal Heaters Supply Co. v. Flanagan, 6 Conn. Sup. 488, 490 (1938).
Here the defendants rightly claim that each count of the Complaint is defective because it fails to allege that plaintiffs faithfully performed their obligations under the alleged contract. The plaintiffs respond not by urging this Court to infer from the entire pleading that such allegations have indeed been made, but by tendering a newly drafted version of paragraph 9 of the first count of the Complaint which would appear to cure the defect both in that count and in every other count of the Complaint, into each of which it is duly incorporated.
It is true, of course, that after the granting of a motion to strike, the party whose pleading has been stricken may file a substitute pleading within fifteen days. See Practice Book Section 157. He may not, however, foreshorten the procedures set forth in Section 157 by the simple expedient of filing an amended complaint in direct response to, and as a means of avoiding the CT Page 1241 granting of, a proper motion to strike. Cf. Practice Book Section 176.
For these reasons, the defendants' Motion is granted without prejudice either to the plaintiffs' right to replead in timely fashion or to the defendants' right to reassert, if appropriate, any of the other grounds on which he based this Motion.
MICHAEL R. SHELDON JUDGE, SUPERIOR COURT